GLICKSTEIN, J.,
concurring specially:
The writer appends the following thoughts which are personal to him. First, this case has taken three years to litigate the custody of a little girl. Second, the subject of the entire litigation was never represented by a guardian ad litem. In French v. French, 452 So.2d 647 (Fla.4th DCA 1984), the writer expressed his views fully on the priority to be given cases involving children and the necessity for consideration of appointment of guardians ad litem to represent children where status, custody or visitation is being litigated. Third, the Florida Legislature has delineated the basic criteria upon which trial judges should be basing their decisions in child custody/shared responsibility cases. Section 61.13(3), Florida Statutes (1983), provides:
(3) For purposes of shared parental responsibility and primary physical residence, the best interests of the child shall be determined by the court’s consideration and evaluation of all factors affecting the best welfare and interests of the child, including, but not limited to:
(a) The parent who is more likely to allow the child frequent and continuing contact with the nonresidential parent.
(b) The love, affection, and other emotional ties existing between the parents and the child.
(c) The capacity and disposition of the parents to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.
*1153 (d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home.
(f) The moral fitness of the parents.
(g) The mental and physical health of the parents.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.
(j) Any other factor considered by the court to be relevant to a particular child custody dispute.
The foregoing criteria are not peculiar to Florida. As stated in a most informative article for all of the judiciary, Freed and Foster, Family Law in the Fifty States: An Overview, 17 Family Law Quarterly, 365, 415 (1984):
Specific standards for custody appear in a number of state statutes. The guidelines used are either taken from the Uniform Dissolution of Marriage Act verbatim or are revisions thereof.
Typical is Michigan’s statute:
Sec. 3. “Best interests of the child” means the sum total of the following factors to be considered, evaluated, and determined by the court:
(a) The love, affection, and other emotional ties existing between the ... parties involved and the child.
(b) the capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the educating and raising of the child in its religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the ... parties involved.
(g) The mental and physical health of the ... parties involved.
(h) The home, school, and community record of the child.
(i) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k)Any other factor considered by the court to be relevant to a particular child custody dispute.
An overview worthy of careful perusal is found in Atkinson, Criteria for Deciding Child Custody in the Trial and Appellate Court, 18 Family Law Quarterly 1 (1984).[2] Atkinson examines this topic in three principal divisions. First he discusses nineteen particular factors used by the trial courts as well as general standards applied in initial determination and modification of child custody. Next he addresses standards for joint custody and split custody. Third he summarizes standards for appellate review. Atkinson urges that many custody case problems could be overcome if trial judges making custody determinations would make findings of fact.
The trial judge’s findings should reflect conscious awareness of the criteria applied. Existence of such findings would greatly enhance review.

. An equally thorough article is Jones, Judicial Questioning of Children in Custody and Visitation Proceedings, 18 Family Law Quarterly 43 (1984).